N.D. OF N.Y.
FILED
DEC 2 2 2017
LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Elizabeth A. Condon
  Plaintiff(s)

vs.

Dormitory Authority State of New York; Michael Corrigan, in his official and individual Capacity; Monica Norris, in her official and individual Capacity
  Defendant(s)

Civil Case No.: 1:17-CV-1381 MAD/DJS

COMPLAINT PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

Plaintiff(s) demand(s) a trial by: [X] JURY  [ ] COURT  (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, for discrimination based upon a disability and the failure to accommodate same. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4).

## PARTIES

2. a. Plaintiff: Elizabeth A. Condon
   Address: 35 Upper London Rd
   Loudonville, NY 12211

   b. Plaintiff: _____
   Address: _____

Additional Plaintiffs may be added on a separate sheet of paper.

3.  a.  Defendant: _Dormitory Authority State of New York_ _Michael Corrigan_
        Official Position: _Vice President_
        Address: _515 Broadway_
        _Albany, New York 12207_

    b.  Defendant: _Dormitory Authority State of New York_ _Monica Norris_
        Official Position: _Assistant General Counsel_
        Address: _515 Broadway_
        _Albany, New York 12207_

Additional Defendants may be added on a separate sheet of paper.

4.  My disability is as follows:

    _Service disabled Combat Veteran_
    _(a). Post Traumatic Stress Disorder awarded 10%_
    _from Veterans Administration (VA) Nov 8, 2006_
    _(b). Post Traumatic Stress Disorder increase_
    _award to 100% by V.A. Dec 15, 2016_
    _(c). Post traumatic Stress Disorder with_
    _Alcohol Disorder rating change 70%_
    _Jan 20, 2017_

5. The conduct complained of in this action involves:
   (Check all that apply)

   (A) ☐ Failure to employ.

   (B) ☒ Termination of employment.

   (C) ☐ Denial of participation in public service or program.

   (D) ☒ Failure to make alterations to accommodate disability.

   (E) ☒ Retaliation.

   (F) ☐ Other acts as specified below:

   _____

   _____

   _____

6. **FACTS**

   On the following page, set forth the facts of your case which substantiate your claim of discrimination. List the events in the order they happened, naming defendants involved, dates and places.

   Note: Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.

   You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.

   You may use additional sheets as necessary.

   SEE ATTACHED FACTS PAGES 1-9 @ AND ADDITIONAL DOCUMENTATION TO SUPPORT MY COMPLAINT

7. **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

Award of damages to be determined at trial. At a minimum; Compensation for lost wages, loss of medical, dental, vision, life insurance benefits, loss of Tier VI retirement benefits and monies. Loss of future value of money due to having to cash out federal defered pension fund. Punitive damages

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 12/22/2017

_Elizabeth A. Condon_
Signature of Plaintiff(s)
(all Plaintiffs must sign)

While being treated by the Veteran's Administration, as a combat service disabled veteran, with a protected disability, Post-Traumatic Stress Disorder, as listed under the American with Disability Act, while receiving medical direct care and medical orders, my first request for reasonable accommodations were ignored, thus treated unfairly due to my disability; with the Dormitory Authority State of New York's knowledge of my disabilities, my second request for reasonable accommodation were denied and in retaliation of my second request for reasonable accommodations was terminated from my job, February 17, 2017 as a result of my disabilities; a temporary leave of absence without pay with a scheduled return to work date, to continue my treatment was requested.

Here are the facts:

1. March 1, 2016 - Retired honorably as a Senior Officer from the New York Army National Guard (NYARNG) and Federal General Schedule level 12 (GS-12) - Federal Civil Service with more than 20 years of service in both. While serving in the NYARNG, was activated by the NYS Governor and worked in New York City, responding to the attacks on the World Trade Center, leading Soldiers in and around Ground Zero, Red Zone in supply and transportation operations. Additionally was mobilized by the U.S. Army and I served in combat as a Company Commander, in Northern Tikrit, Iraq conducting logistical support operations. Later I became the Secretary of the General Staff, in Mosul, Iraq during combat operations. After returning from combat received a Veteran's Administration disability rating for Post-Traumatic Stress Disorder and Degenerative Disc Disease.

1

2. March 10, 2016 - Employed by the Dormitory Authority State of New York (DASNY) as Chief Purchasing, receiving salary to include NYS Tier VI retirement benefits, health, dental, vision, life insurance.

3. While employed with DASNY, I was required to travel to various boroughs in New York City. While traveling to NYC with another DASNY employee, I advised them that I was experiencing an elevation in my previously diagnosed Post Traumatic Stress Disorder (PTSD).  On a second occasion, prior to travelling to NYC with my supervisor, Lou Cirelli, Director of Procurement, I advised him that this was increasing my PTSD symptoms; especially because a few days prior the news reported there had been shootings in the New York City Housing Authority (NYCHA) developments; we were traveling to visit NYCHA developments.  The day we, my supervisor, Lou Cirelli and I, left for NYC, I advised Mr. Cirelli that this was increasing my previously diagnosed PTSD. We laughed and he dismissed my statement, as I threw a bulletproof vest into the trunk of the DASNY vehicle. The trip to NYC had an intense effect on me; and my untreated PTSD symptoms increased dramatically throughout my employment with DASNY.

4. On December 4, 2016, (Sunday), my PTSD symptoms were so severe, that I went through intake at the Samuel Stratton Veteran's Administration Medical Center, Emergency Room in Albany, NY.  They completed the intake for follow-on inpatient treatment in Bath, NY at the Loyola Recovery Foundation.  I called my supervisor, Mr.

Cirelli and left a message stating that I would not be in for work the next day, Monday December 5, 2016.

5. December 5, 2016, I was admitted to Loyola Recovery Center, Bath, NY for inpatient treatment for alcohol abuse and post-traumatic stress disorder symptoms. December 5, 2016, (8pm), I called my employer's Human Resource (HR) department and left a message to advise them that I needed "emergency leave."

6. December 6, 2016 (9:24am) called my employer's HR again and left a message for medical leave. December 6, 2016 called employer again, spoke with staff in Human Resources (HR); they advised that they do not offer "emergency" medical leave and they would fax over the required paperwork to request for Family Medical Leave Act (FMLA) and that I could use my vacation time initially while receiving treatment.

7. On or about December 7, 2016, I completed the FMLA paperwork packet, filled out by the medical treatment team, which stated the initial reason for my current treatment; substance abuse and returned it to Human Resources. On or about December 12, 2016; my FMLA request was denied due to lack.

8. On or about, December 13, 2016, while receiving inpatient treatment, I was advised that I should Request for Reasonable Accommodations (RRA). DASNY HR staff provided the DASNY "Application to Request Reasonable Accommodations for Disability" application packet via Fax.

3

9. On or about, December 16, 2016, I was transferred from Loyola Recovery Foundation, in Bath, NY to Samuel Stratton Veterans Administration Medical Center, Behavioral Health inpatient medical treatment facility in Albany, NY.

10. It was mandated, that I formally request for a Reasonable Accommodation using DASNY's "Application to Request Reasonable Accommodations for Disability" application packet. My assumption was and is that if I was required to formally apply, that DASNY would have the same protocol requirement to respond in writing and use their packet, Section C to request any additional information they needed to assist their decision making. I was advised that Monica Norris, Assistant General Counsel was the Designee for Reasonable Accommodations. Ms. Norris never formally requested additional information using the DASNY application packet protocol as outlined in their procedural packet, and Ms. Norris requested I send her the information pertaining to the specifics of my disability informally in an e-mail. I was concerned about the privacy of my medical disability information in an e-mail and my HIPPA rights.

11. On or about December 19, 2016, I completed the required forms for Application to Request Reasonable Accommodations for Disability, including documentation from the Veteran's Administration treatment staff that I was currently admitted in the hospital and receiving inpatient treatment, submitted them to DASNY via fax. I was advised that Monica Norris, Assistant General Counsel was the Designee for Reasonable Accommodations. I made multiple attempts to Ms. Norris as to the status of my request

from December 19, 2016 through January 10, 2017. Ms. Norris failed to formally respond to my request for reasonable accommodations which cause me harm through increased stress, anxiety and fear of loss of employment.

12. On January 10, 2017, I spoke informally over the phone with DASNY's Designee for Reasonable Accommodations, Assistant General Council member, Monica Norris. Ms. Norris mandated verbally that I tell her why I was receiving treatment and advise her of my medical condition and disability. I asked Ms. Norris to submit her request requirement, in writing, per the "DASNY Request for Reasonable Accommodation for disability" application packet, Section C, "Notification of Need for Additional Information" to be completed by the DRA and returned to the employee. Ms. Norris refused, this caused me harm, I felt that Ms. Norris's behavior was harassing in nature and she stated that DASNY did not have to provide a reasonable accommodation just because I was hospitalized; this was very threating in nature. I felt in fear of losing my job while in treatment so, per her mandate, I complied and verbally advised her that I was being treated for substance abuse as a symptom of my Post-Traumatic Stress Disorder (PTSD) and would probably receive further treatment for PTSD as a result of my military combat service and other military traumatic events. Ms. Norris' tone immediately changed, I felt humiliated and she became disengaged. Once, Ms. Norris, as a representative of DASNY, was fully informed of my ADA disability, I never received a formal request for further information from Ms. Norris as required in their "Request for Reasonable Accommodations for Disability" packet, Section C. Additionally, once my disability was provided to DASNY, I received no further communication from Ms. Norris

5

or anyone at DASNY. My first request for reasonable accommodations we ignored and I felt mistreated as a result of my disability.

13. On Thursday, January 19, 2017, I completed my inpatient treatment and I was released from the VA inpatient treatment program, with follow-on outpatient treatment scheduled. I advised VA medical staff that I was in fear of losing my job if I continued treatment with the VA.

14. On Monday January 23, 2017, I returned to work. Within an hour of my return to work, the Procurement Director, Lou Cirelli, my supervisor, advised me that I would not be resuming my supervisory responsibilities, all my direct reports no longer reported to me and that I would not have responsibly for major projects that were within my units charge. During the work week, Mr. Cirelli did not discuss any work projects or assignments with me. No one from DASNY Counsel Office nor Ms. Norris asked me any questions pertaining to any reasonable accommodation requirements. My supervisor provided no guidance, direction nor did he ask about status of any work from my unit. These combined actions and inactions caused me harm, as I felt humiliated due to my supervisory responsibilities being taken away; I was isolated and not included in any work discussions and I felt that every move I made was being watched and scrutinized. I spoke with the treatment staff at the VA advising them that I was having concern and in fear of losing my job and was working in a hostile work environment and it was aggravating my symptoms.

6

15. On Friday, January 27, 2017, late in the afternoon, I received a performance counselling letter from Lou Cirelli, pertaining to a staff meeting I had early Monday morning, January 23, 2017. At no time during the week did Mr. Cirelli ask to discuss any of his alleged issues with me in person. Mr Cirelli's allegations of my conduct were not correct, taken out of context and misleading. This action was direct and harassing in nature; I was under increased scrutiny from Mr. Cirelli, immediately upon my arrival back to work without cause. After the Friday afternoon meeting with Mr. Cirelli, I spoke with my psychiatrist, Dr. Perez at the VA Medical Center. I advised Dr. Perez that I had increased anxiety, stress with feelings of harassment, humiliation and believed to be in a hostile work environment and it was not helping my PTSD and alcohol abuse disorder treatment. Dr. Perez advised that I see her immediately.

16. On Monday, January 30, 2017, I called my employer and advised them I would not be in work that day. I went to the Samuel Stratton VA Medical Center and Dr. Perez prescribed that I remain out of work until March 1, 2017, to continue with additional treatment, so as to not aggravate my disability further. Dr. Perez advised my employer, via fax, of my requirement to stay out of work, under her orders and the VA's care.

17. On February 6, 2017, I was advised by DASNY HR that, while DASNY was aware of my absence due to medical treatment, I was not in an approved leave status; they advised me of the following;

    a. I needed to request for Leave without Pay and

    b. That my request shall be reviewed and approved by the "President" of DASNY.

7

   c. I had 5 calendar days to respond.

18. On February 8, 2017, I complied with the requirement and submitted my request for a reasonable accommodation for temporary leave of absence without pay, to continue treatment for my disability, with return a date of March 1, 2017. A letter from the VA Medical Treatment staff, Dr. Perez was included with the request.

19. Without discussion, on February 17, 2017, I received a letter from DASNY, signed by the Vice President, Michael Corrigan the letter states;

   a. that I was not in an approved leave status since January 20, 2017; this is incorrect; I worked a regular work schedule Monday – Friday January 23, 2017 through January 27, 2017.

   b. denying my request for temporary leave without pay,

   c. was terminated as of that date, February 17, 2017 for "Failure to maintain a full-time schedule"

   d. and, offered $18,0000.00, if I would sign a contract waiving all of my human rights, and took a vow of confidentiality.

20. DASNY, Vice President, Michael Corrigan, caused me harm; he denied me a reasonable accommodation, as listed as acceptable under the Americans with Disability Act, to have a temporary leave of absence to receive further treatment for my known disability, PTSD and alcohol abuse disorder as advised to counsel on January 10, 2017; which are protected disabilities under the Americans with Disability Act and Mr. Corrigan

8

caused me harm by wrongfully terminating me due to my disability and caused me harm in retaliation for requesting a reasonable accommodation.

21. This termination came 3 weeks (21 days) before I would have qualify for the Family Medical Leave Act; which ultimately caused me harm by denying me a federal benefit.

22. I have since completed all required treatment, plus additional voluntary treatment and would have had the ability to return to work, preform my job which I am qualified for and since receiving treatment would be an even more productive, positive, employee.

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Elizabeth A. Condon<br>35 Upper Loudon Road<br>Loudonville, NY 12211 | From: | Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2017-00644 | Jeremy M. Boyd,<br>Investigator | (716) 551-3355 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*     **SEP 2 9 2017**

John E. Thompson,
Local Office Director     *(Date Mailed)*

Enclosures(s)

cc:
NYS DORMITORY AUTHORITY
c/o Michael W. MacOmber
TULLEY RINKE, PLLC
441 New Karner Road
Albany, NY 12205

Benjamin M. Wilkinson
HINMAN STRAUB, PC
121 State Street
Albany, NY 12207

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of **the date you** *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*