**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ELIZABETH A. CONDON,

                Plaintiff,

- v -                         Civ. No. 1:17-CV-1381
                                          (MAD/DJS)

DORMITORY AUTHORITY OF THE
STATE OF NEW YORK, *et al.,*

                Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

ELIZABETH A. CONDON
*Pro se* Plaintiff
35 Upper Loudon Road
Loudonville, NY 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a *pro se* Complaint filed by Elizabeth A. Condon, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in Forma Pauperis* (IFP), Dkt. No. 2, IFP App. By separate Order, dated January 16, 2018, this Court granted Plaintiff's Application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

In her Complaint, Plaintiff alleges that she suffers from Post-Traumatic Stress Disorder with Alcohol Disorder as a result of her service as a combat veteran. Compl. at p.

5.  She was employed by Defendant the Dormitory Authority of the State of New York ("DASNY") from 2016 to 2017 as Chief of Purchasing. *Id.* at pp. 6 & 12. Plaintiff alleges that she requested accommodations from DASNY, including leave under the Family Medical Leave Act ("FMLA"), and was denied accommodation. *Id.* at pp. 7-12. Plaintiff alleges that she was then terminated from her position in retaliation for her requests. *Id.* Thereafter she filed a complaint with the Equal Employment Opportunity Commission and was issued a right to sue letter on or about September 29, 2017. *Id.* at pp. 14 & 15. On December 22, 2017, Plaintiff filed the instant *pro se* Complaint against Defendant DASNY, as well as Defendants Michael Corrigan, Vice President of DASNY, and Monica Norris, Assistant General Counsel of DASNY, in their individual and official capacities. *Id.*

The Court is mindful of the requirement to liberally construe *pro se* pleadings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), and finds that the Complaint alleges enough to warrant a responsive pleading from the DASNY. In so ruling, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed dispositive motion.

Even under a liberal reading of the Complaint, Plaintiff's ADA claims against Monica Norris and Michael Corrigan cannot be sustained. There is no individual liability under the ADA. *Boyd v. Broome Cmty. Coll.*, 2015 WL 6962498, *6-7 (N.D.N.Y. Nov. 10, 2015). As such, the Court recommends that Plaintiff's ADA claims against Michael Corrigan and Monica Norris be **dismissed**.

However, because the Complaint arguably attempts to state a claim under the FMLA,

Compl. at p. 7, and the FMLA may allow for individual liability in certain circumstances, the Court recommends that the Complaint be permitted to proceed against the individual defendants on Plaintiff's FMLA claim. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422-23 (2d Cir. 2016) (discussing standard for individual liability under the FMLA).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's ADA claim against Michael Corrigan and Monica Norris be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e); and it is further

**RECOMMENDED**, that Plaintiff's FMLA claim against Michael Corrigan and Monica Norris be allowed to proceed. In the event these recommendations are adopted by the District Court and the case is approved to proceed against the individual defendants, the Clerk of the Court shall return the matter to the undersigned so that an Order can be issued regarding service by the Marshal; and it is further

**RECOMMENDED**, that this case be allowed to proceed against Defendant Dormitory Authority of the State of New York. In the event these recommendations are adopted by the District Court and the case is approved to proceed, the Clerk of the Court shall return the matter to the undersigned so that an Order can be issued regarding service by the Marshal; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

Date:   January 16, 2018
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).