**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ELIZABETH A. CONDON**

                                **Plaintiff,**

   vs.                                                  **1:17-cv-1381
                                                               (MAD/DJS)**

**DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,** *et al.***,**

                                  **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**ELIZABETH A. CONDON**
35 Upper Loudon Road
Loudonville, New York 12211
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action *pro se* on December 22, 2017, against the Dormitory Authority of the State of New York ("DASNY"), Michael Corrigan, and Monica Norris. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the Family and Medical Leave Act ("FMLA"), alleging she was denied accommodation for her disability and was terminated in retaliation for her requests. Plaintiff also filed a motion to proceed *in forma pauperis*, which was granted. *See* Dkt. Nos. 2, 5.

On January 16, 2018, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order, recommending that Plaintiff's ADA claim against Michael Corrigan and Monica Norris be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), but that Plaintiff's FMLA claim against Michael Corrigan and Monica Norris be allowed to proceed. *See*

Dkt. No. 6 at 4. Magistrate Judge Stewart also recommended the case be allowed to proceed against Defendant Dormitory Authority of the State of New York as to both claims. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

2

Upon a review of the Report-Recommendation and Order, and considering that the parties have failed to object to any of Magistrate Judge Stewart's thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Stewart's recommendations and hereby affirms and adopts the Report-Recommendation and Order as the opinion of the Court.

As Magistrate Judge Stewart correctly found, Plaintiff's ADA claim against Michael Corrigan and Monica Norris seeks relief against defendants who are immune to relief, since there is no individual liability under the ADA. *See Boyd v. Broome Cmty. Coll.*, No. 3:14–CV–0397 (GTS/DEP), 2015 WL 6962498, *6-*7 (N.D.N.Y. Nov. 10, 2015). In comparison, the FMLA allows for individual liability in certain circumstances. *See Graziadio v. Culinary Inst. Of Am.*, 817 F.3d 415, 422-23 (2d Cir. 2016) (holding an individual may be held liable if "[he or] she is an 'employer,' which is defined as encompassing 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer'"). Therefore, the Court finds that Magistrate Judge Stewart correctly recommended that the Court should dismiss Plaintiff's ADA claim as to Michael Corrigan and Monica Norris, but allow Plaintiff's FMLA claims as to these Defendants to proceed. Further, although a court should generally permit a *pro se* plaintiff to amend at least once, dismissal with prejudice was appropriate here because the problem with Plaintiff's claim against the individual Defendants is substantive, such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's ADA claim against Michael Corrigan and Monica Norris is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in compliance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge