```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

_____

**ELIZABETH CONDON,**

                     **Plaintiff,**

  vs.                                        **1:17-CV-01381**

                                                      **(MAD/DJS)**

**DORMITORY AUTHORITY OF**
**THE STATE OF NEW YORK, et al.,**

                     **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**ELIZABETH A. CONDON**
35 Upper Loudon Road
Loudonville, New York 12211
Plaintiff *pro se*

**JACKSON, LEWIS P.C.**                    **JONATHAN M. KOZACK, ESQ.**
44 South Broadway
14th Floor
White Plains, New York 10601
Attorneys for Defendants

**TULLY, RINCKEY LAW FIRM**          **MICHAEL W. MACOMBER, ESQ.**
441 New Karner Road
Albany, New York 12205
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    On December, 22, 2017, Plaintiff *pro se* commenced this action against defendants Dormitory Authority of the State of New York ("DASNY"), Michael Corrigan ("Corrigan"), and Monica Norris ("Norris") (collectively, "Defendants"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and for interference with her exercise of

rights conferred by the Family and Medical Leave Act (the "FMLA"). *See* Dkt. No. 1. On August 8, 2018, the Court dismissed Plaintiff's ADA claim with prejudice against Defendants Michael Corrigan and Monica Norris. *See* Dkt. No. 7.

Currently before the Court is Defendants' January 2, 2019 motion to dismiss Plaintiff's Complaint for failure to state a claim. *See* Dkt. No. 24. On January 22, 2018, Plaintiff filed a response in opposition to Defendants' motion. *See* Dkt. No. 25.

## II. BACKGROUND[1]

During the time in question, Plaintiff worked for DASNY as the Chief of Purchasing. Dkt. No. 1. Her Complaint alleges a number of incidents spanning her course of employment, which began March 10, 2016. *See* Dkt. No. 1 at ¶ 2.[2]

Prior to Plaintiff's employment with DASNY, she was a Senior Officer from the New York Army National Guard ("National Guard"). *Id*. at ¶ 1. While serving in the National Guard, Plaintiff was "activated by the [New York State] Governor and ... respond[ed] to the attacks on the World Trade Center." *Id*. Later, she served in combat "as a Company Commander, in Northern Tikrit, Iraq... [subsequently becoming] the Secretary of the General Staff, in Mosul, Iraq, during combat operations." *Id*. Upon returning from combat, Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD") by the Veteran's Administration ("VA"). *Id*.

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this motion to dismiss. *See* Dkt. No. 1.

[2] The Court incorporates by reference Plaintiff's original Equal Opportunity Employment Commission ("EEOC") complaint (Dkt. No. 1 at 14-15), because Plaintiff included the "Dismissal and Notice of Rights" letter in her Complaint (*id*.). *See Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) ("Our review is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits").

Throughout Plaintiff's course of employment, she was required to travel to New York City, which "had an intense effect on [Plaintiff] and [her] untreated PTSD." *Id*. at ¶ 3. On December 4, 2016, Plaintiff checked herself into the Samuel Stratton Veteran's Administration Medical Center, in Albany, New York. *Id*. at ¶ 4. The next day, Plaintiff contacted her employer's human resources department to inquire about "emergency leave." *Id*. at ¶ 5. On December 6, 2016, Plaintiff was informed by human resources that emergency medical leave was not offered, but that "they would fax over the required paperwork to request ... FMLA" leave and, in the meantime, she was permitted to use her vacation time while receiving treatment. *Id*. at ¶ 6. Six days later, Plaintiff's application for FMLA leave was denied. *Id*. at ¶ 7. While Plaintiff was applying for FMLA benefits, she was still being treated at an in-patient care facility. *Id*. at ¶ 7.

DASNY, aware of her need for treatment, "mandated [] that [Plaintiff] formally request [] a reasonable accommodation." *Id*. at ¶ 10. Defendant Norris, DASNY's Assistant General Counsel, served as the Designee for Reasonable Accommodation and requested that Plaintiff send her "the information pertaining to the specifics of [Plaintiff's] disability ... in an email." *Id*. Plaintiff states she was concerned about her HIPPA rights and "about the privacy of [her] medical disability information [in having to request an accommodation] in an email." *Id*. Further, Plaintiff states that after several attempts to inquire about the status of her request, Ms. Norris "failed to formally respond ... which cause[d] [Plaintiff] harm through increased stress, anxiety, and fear of loss of employment." *Id*. at ¶ 11. On January 10, 2017, Defendant Norris allegedly contacted Plaintiff to inquire as to why Plaintiff was receiving treatment. *Id*. at ¶ 12. After this information was provided, Plaintiff received no further communications from Defendant Norris. *Id*.

Plaintiff returned to work on Monday, January 23, 2017, seven weeks after initially checking herself into the in-patient facility. *Id*. at ¶ 14. Upon return, she was informed that she would not be resuming her supervisory duties. *Id*. at ¶ 15. On Monday, January 30, 2017, Plaintiff returned to the Samuel Stratton Veteran's Administration Medical Center and was advised by doctors that she should remain in the facility and out of work until March 1, 2017. *Id*. at ¶ 16. On February 6, 2017, DASNY's human resources department advised Plaintiff that she was "not in an approved leave status" and that she must request leave without pay. *Id*. at ¶ 17. On February 17, 2017, Plaintiff was terminated from DASNY. *Id*. at ¶ 19. Plaintiff acknowledges that "this termination came [three] weeks (21 days) before [she] would have qualif[ied] for the Family Medical Leave Act." *Id*. at ¶ 21.

## III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471

F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted).

**B.     FMLA Interference**

The FMLA gives eligible employees an "entitlement" to twelve workweeks per year of unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). While an employee is on FMLA leave it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). At the end of a period of FMLA leave, the employee has the right to be restored to the position, or its equivalent, that he or she held prior to taking leave. *See* 29 U.S.C. § 2614(a)(1)(A). However, this right is not absolute. "An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. § 825.216(a).

The FMLA expressly creates a private cause of action for equitable relief and money damages against any employer who violates Section 2615. *See* 29 U.S.C. § 2617(a)(2); *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 724-25 (2003). The Second Circuit recognizes two claims under the FMLA: (i) interference with FMLA rights; and (ii) retaliation for exercising FMLA rights. *See Potenza v. City of New York*, 365 F.3d 165, 167-68 (2d Cir. 2004); *accord Voltaire v. Homes Servs. Sys., Inc.*, 823 F. Supp. 2d 77, 90 (E.D.N.Y. 2011) ("The Second Circuit recognizes a distinction between claims which allege a violation of § 2615(a)(1) – so called 'interference' claims – and claims which allege violations of § 2615(a)(2) and (b), which are called 'retaliation' claims."); *Di Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 198-99 & n.30 (S.D.N.Y. 2009) (citing cases).

"To succeed on a claim of FMLA interference, a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which she was entitled under the FMLA." *Graziadio v. Culinary Instit. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016) (citing 29 U.S.C. §

2615(a)(1)). To state a prima facie claim for interference under the FMLA, a plaintiff must allege the following: "(1) that she is an eligible employee under the FMLA; (2) that the defendant is an employer as defined by the FMLA; (3) that she was entitled to take leave under the FMLA; (4) that she gave notice to the defendant of her intention to take leave; and (5) that she was denied to which she was entitled under the FMLA." *Id*.

In the present matter, Plaintiff alleges that Defendants' conduct denied Plaintiff of her rights under 29 U.S.C. § 2611. More specifically, Plaintiff alleges that Defendants interfered with her right to utilize FMLA qualified leave and terminated her as a result of the use of her unpaid leave. *See* Dkt. No. 1 at ¶ 21. Defendants move for dismissal of this cause of action arguing that Plaintiff cannot state a *prima facie* claim under the FMLA because she was not an eligible employee under the FMLA. *See* Dkt. No. 24-1 at ¶ 11.

An "eligible employee" under the FMLA refers to "an employee who has been employed ... for at least 12 months by the employer" and "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A)(i)(ii). Plaintiff alleges that her employment with DASNY began on March 10, 2016 and ended on February 17, 2017. *See* Dkt. No. 1 at ¶¶ 2, 19. At the time of Plaintiff's termination, she had not been employed by DASNY for the required twelve months, and would not have been employed for that duration of time until March 10, 2017. In Plaintiff's Complaint, she concedes her termination occurred three full weeks before she would have qualified for FMLA benefits. *Id*. at ¶ 21. Accordingly, the Court finds that Plaintiff has not plausibly alleged that she was an eligible employee under the FMLA. Therefore, even interpreted as broadly as possible, Plaintiff's Complaint has failed to plausibly state a claim for which relief can be granted.

Based on the foregoing, the Court grants Defendants' motion and dismisses Plaintiff's FMLA claims.

## C. FMLA Retaliation

"'To establish a prima facie case of FMLA retaliation, a plaintiff must establish that 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.'" *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016) (quotation omitted).

As with Plaintiff's FMLA interference claim, to the extent that she is alleging an FMLA retaliation claim, it must also be dismissed because Plaintiff was not eligible to take FMLA leave at the time of her termination. In certain cases, courts have found that "'an employee may bring a retaliation claim under FMLA if the employee was terminated prior to becoming eligible for FMLA leave, but the employee declared an intention to take leave more than one year after employment commenced.'" *Brown v. Atrium Windows & Doors, Inc.*, No. 3:13-cr-4819, 2015 WL 1736982, *6 (N.D. Tex. Apr. 16, 2015) (quoting *Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623, 629 (D.S.C. 2010)); *see also* 29 C.F.R. § 825.110(d). There is no claim under the FMLA, however, when an employee is ineligible at both the time the employee provides notice of her intent to take leave, and the time the leave is to be taken. *See Amsel v. The Tex. Water Devel. Bd.*, 464 Fed. Appx. 395, 401 n.7 (5th Cir. 2012). While the Court is not unsympathetic to Plaintiff's situation, unfortunately Plaintiff declared her intention to take leave immediately, at a time when she was not an employee protected by the FMLA.

Based on the foregoing, the Court grants Defendants' motion to dismiss Plaintiff's FMLA retaliation claim.

D.   **Leave to Amend**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

In the present matter, the Court finds that Plaintiff should not be permitted to leave to file an amended complaint. .In response to the motion to dismiss, Plaintiff did not allege or reiterate any facts plausibly suggesting that she was an eligible employee entitled to protections under the FMLA. The problem with Plaintiff's cause of action is substantive in nature and cannot be cured through better pleading. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (holding that "[w]here it appears that granting leave to amend is unlikely to be productive,... it is not an abuse of discretion to deny leave to amend"). Thus, Plaintiff should not be granted leave to amend her Complaint.

Based on the foregoing, the Court dismisses Plaintiff's FMLA claims with prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss the FMLA claim is **GRANTED**; and the Court further

**ORDERS** that Defendants Corrigan and Norris are dismissed from this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge